PAULA COLÓN DE RODRÍGUEZ ET AL., Appellants, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; MANAGER OF STATE INSURANCE FUND, Insurer.

No. 232. Argued January 19, 1942.—Decided January 31, 1942.

*Edelmiro Soldevilla* for appellants. *George A. Malcolm, Attorney General, M. Rodríguez Ramos, Assistant Attorney General, G. Atiles Moreu, Legal Adviser of the State Insurance Fund,* for respondent.

Mr. Justice Snyder delivered the opinion of the court.

This is a petition for review asking for reversal of a ruling of the Industrial Commission. The Industrial Commission affirmed the decision of the Manager of the State Insurance Fund refusing compensation on the ground that "the workman died as a result of the rupture of an aneurysm in the ascending aorta while working as a watchman of buildings for his employer in Caguas, without any accident having occurred from his work."

It is not disputed that Rafael Rodríguez, the workman involved, was a night watchman employed by Eastern Sugar Associates; that he was found dead one night on the premises of his employer; that he had previously suffered from chronic heart disease; and that he had died as a result of a hemorrhage caused by rupture of the aorta.

The petitioners, however, allege that Rodríguez died as a result of an accident arising out of and in the course of his employment. Their contention is that he died while at-

tempting to oust an unknown trespasser from the premises of his employer. They claim that the particular heart attack from which he died was precipitated by the violence and shock of this fight.

Two witnesses gave testimony confirming the theory of a fight between the deceased and an unknown trespasser. The Commission refused to give credence to this testimony. They pointed to many discrepancies in the story of these two witnesses. The Commission chose to believe other witnesses, such as another watchman of adjacent premises, who perhaps had a better opportunity to observe than petitioners' witnesses, that no such incident as described by petitioners' two witnesses took place.

■ There would seem to be no dispute on any question of law in this case. The parties are apparently in agreement that the general rule of law applicable to this case is as stated in 19 A.L.R. 110, at page 111:

"An award of compensation may be made, although there was a pre-existing heart disease, if that disease was aggravated and accelerated by an accidental injury which arose out of and in the course of the employment, and was the proximate cause of the disability or death . . . But an employee is not entitled to compensation for a condition resulting from a pre-existing heart disease, and not proximately caused by an accident or personal injury arising out of and in the course of the employment. . . ."

To the same effect, see also: Campbell on Workmen's Compensation, vol. 1, secs. 297, 300, pp. 291, 293; *Montaner, Manager,* v. *Industrial Commission,* 57 P.R.R. 320.

■ The law would also seem to be unquestioned that death of a night watchman resulting from a heart attack brought on by a fight with a trespasser on the premises being guarded by the decedent is compensable. *Montaner* v. *Industrial Commission,* 50 P.R.R. 601; Campbell on Workmen's Compensation, vol. 1, sec. 161, p. 143.

■ However, as this Court has previously pointed out, the Workmen's Accident Compensation Act of 1935 pro-

vides in Section 11 that review by this Court of final decisions of the Industrial Commission "may be granted only on questions of law". The amendment to Section 11 passed in 1940 does not affect this case, as it applies only to expert testimony. *Amenguar* v. *Industrial Commission*, 49 P.R.R. 10 and *Juliá* v. *Aguila*, 50 P.R.R. 599, are cases in which this court has followed that section in refusing to reverse decisions in which findings of fact by the Industrial Commission are challenged. The Commission having found, on the basis of conflicting testimony, that as a matter of fact no such episode had occurred, we are unable to interfere with its ruling refusing compensation.

In *Cardona* v. *Industrial Commission*, 56 P.R.R. 813, this court, at page 821, cites with approval the statement found in Schneider on Workmen's Compensation Law, vol. II, p. 1855, sec. 527, that "a person found dead at a place where he was supposed to be acting in the course of his employment, shall be presumed to have died in the course of his employment." But this presumption can be rebutted with testimony. And the Industrial Commission found as a fact from adequate testimony before it that there was no connection between the workman's death and his activities as an employee.

The order appealed from must be affirmed.

Mr. Justice Travieso took no part in the decision of this case.